MARY HERMAN, Appellant, *v.* WESTERN UNION TELEGRAPH COMPANY, Respondent.

JOE HERMAN, Appellant, *v.* WESTERN UNION TELEGRAPH COMPANY, Respondent.

First Department, December 26, 1930.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief; *Speiser & Speiser*, attorneys], for the appellants.

*Denis O'L. Cohalan* of counsel [*John H. Waters* with him on the brief; *Francis R. Stark*, attorney], for the respondent.

SHERMAN, J.   The negligence charged is that of a messenger boy who, while operating a motorcycle, knocked down Mrs. Herman when crossing a public highway.   There is evidence of negligence on the part of the messenger boy, but the complaints here have nevertheless been dismissed on the ground that the motorcycle was not shown to be under the control or ownership of defendant.

The complaint charges and the answer admits that " defendant was engaged in the transmitting and delivery of telegraph messages in the City of New York," and for that purpose " employed certain messenger boys and supplied them with certain motorcycles hereinafter more specifically referred to."   Then follow allegations in the complaint to the effect that the aforementioned motorcycle operated by defendant ran into Mrs. Herman.

Upon proof of the facts of the accident a *prima facie* case was made out.

Proof was also given showing that this motorcycle at the time of the accident was operated by an employee of defendant while returning to defendant's office after having delivered a telegram. A jury could find that such use was countenanced by defendant.

The dismissal of the complaint in each of these actions at the close of each plaintiff's case, was error.

The judgments appealed from should be reversed and a new trial ordered, with costs to each appellant to abide the event.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting).   The plaintiff's attorney called as a witness Harry Ellersick, the boy who was operating the motorcycle

which caused the accident, to prove ownership and control of the motorcycle in question. His testimony in part is as follows: " Q. Did they supply you with a motorcycle? A. They did not. * * * Q. Did you have 'a motorcycle? A. I did. Q. Did you have that motorcycle with the knowledge and consent of your employer? A. No; no, sir. Q. Is this motorcycle the property of the Western Union? A. No, sir."

The testimony of this witness, called by the plaintiff, instead of proving ownership and control of the motorcycle in the defendant, conclusively proved that the defendant did not own or control the motorcycle and negatived any presumption that might have existed in favor of the plaintiffs.

I, therefore, vote to affirm the judgments appealed from.

Judgments reversed and a new trial ordered, with costs to each appellant to abide the event.